UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

THEOPHILUS LEE,

    Petitioner,

v.                                              Case No. 1:22-cv-114-AW-MJF

RICKY D. DIXON,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Theophilus Lee, proceeding *pro se*, has filed a second amended petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 13. Respondent ("the State") moves to dismiss the petition as untimely. Doc. 26. Lee opposes the motion. Doc. 28. The State's motion to dismiss should be denied, because Lee's habeas petition is timely.

### I. BACKGROUND AND PROCEDURAL HISTORY

In Alachua County Circuit Court Case No. 2016-CF-3352, Lee was convicted of Home Invasion Robbery with a Firearm or Other Deadly Weapon. Doc. 26, Ex. 1 (J. & Sentence).[1] The trial court sentenced Lee to imprisonment for life. The Florida

---

[1] Hereafter, all citations to the state-court record are to the electronically-filed exhibits attached to the State's motion to dismiss, Doc. 26. When a page of an exhibit

First District Court of Appeal ("First DCA") affirmed the judgment on May 27, 2020, without written opinion. *Lee v. State*, No. 1D19-793, 295 So. 3d 1160 (Fla. 1st DCA 2020) (Table) (per curiam) (copy at Ex. 2). Lee did not move for rehearing and did not seek further direct review. Doc. 13 at 3-4.

On February 17, 2021, Lee filed a *pro se* petition for writ of habeas corpus in the First DCA, alleging ineffective assistance of appellate counsel. Ex. 3. The First DCA denied the petition on the merits on June 21, 2021. *Lee v. State*, No. 1D21-619, 320 So. 3d 351 (Fla. 1st DCA 2021) (per curiam) (copy at Ex. 4). Lee did not move for rehearing, clarification, certification, or issuance of a written opinion. Doc. 13 at 7.

On November 2, 2021, Lee filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. Ex. 5. The state circuit court denied the motion on November 15, 2021. Ex. 6 (Docket Sheet); *see also* Doc. 13 at 5. Lee did not appeal. Ex. 6; *see also* Doc. 13 at 7.

On December 21, 2021, Lee filed a second *pro se* habeas corpus petition in the First DCA. Ex. 7. The First DCA summarily dismissed the petition on April 6, 2022, citing *Baker v. State*, 878 So. 2d 1236 (Fla. 2004) (per curiam). *See Lee v. State*, No. 1D21-3939, 336 So. 3d 434 (Fla. 1st DCA 2022) (Table) (per curiam)

---

bears more than one page number, the court cites the number appearing at the bottom center of the page.

(copy at Ex. 9). Lee did not move for rehearing, clarification, certification, or issuance of a written opinion. Doc. 13 at 7.

Lee filed his federal habeas petition on May 23, 2022. Doc. 1. The State moves to dismiss Lee's petition as time-barred under 28 U.S.C. § 2244(d)(1). Doc. 26. Lee opposes the motion. Doc. 28.

## II.  DISCUSSION

**A.      The Federal Habeas Limitations Period**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Lee's § 2254 petition, because the petition was filed after AEDPA's effective date—April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320 (1997). AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

**B.    Lee's Habeas Petition Is Timely**

Lee does not assert that an unconstitutional State-created impediment to filing his federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his judgment became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date Lee's judgment became final. *See* 28 U.S.C. § 2244(d)(1).

Lee did not seek further direct review in the United States Supreme Court. Accordingly, Lee's judgment became "final" for purposes of 2244(d)(1)(A), when the time for pursuing direct review in the United States Supreme Court expired. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

Typically, the time for filing a *certiorari* petition in the United States Supreme Court expires 90 days after entry of the judgment or order sought to be reviewed. *See* Sup. Ct. R. 13.1, 13.3. Early during the COVID-19 pandemic, however, the

United States Supreme Court entered an order temporarily extending the time to file a *certiorari* petition to 150 days. *See* Miscellaneous Order Addressing the Extension of Filing Deadlines [COVID-19], 334 F.R.D. 801 (Mar. 19, 2020) ("Miscellaneous Order"). That Miscellaneous Order provided, in relevant part:

> [T]he deadline to file any petition for a writ of certiorari *due on or after the date of this order* is extended to 150 days from the date of the lower court judgment, order denying discretionary review, or order denying a timely petition for rehearing. See Rules 13.1 and 13.3.

334 F.R.D. 801 (emphasis added). That order was in effect from March 19, 2020, until July 19, 2021. *See* Miscellaneous Order Rescinding COVID-19 Related Orders, 338 F.R.D. 801 (July 19, 2021).

The 150-day filing deadline was in effect at the time Lee's *certiorari* petition would have been due (August 25, 2020). Thus, Lee's conviction became "final" for purposes of § 2244(d)(1)(A), on October 26, 2020, which is 150 days after entry of the First DCA's order affirming the judgment.[2]

The federal habeas limitations period began to run one day later, on October 27, 2020, and expired one year later, on October 27, 2021, absent tolling. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding that Federal Rule of Civil Procedure 6(a)(1) applies to calculation of the AEDPA's one-year

---

[2] The 150th day was October 24, 2020, but because that was a Saturday, Lee had until the following Monday, October 26, 2020, to file his *certiorari* petition in the United States Supreme Court. *See* Sup. Ct. R. 30.1.

limitations period; thus, the limitations period begins to run from the day after the day of the event that triggers the period); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the limitations period should be calculated according to the "anniversary method," whereby the limitations period expires on the one-year anniversary of the date it began to run).

Lee allowed 113 days of the limitations period to run before filing his first state habeas petition on February 17, 2021. As a result of the filing of his state habeas petition, the limitations period was statutorily tolled from February 17, 2021 (the date it was filed) until July 6, 2021 (the date the 15-day deadline for Lee to move for rehearing expired). *See* Fla. R. App. P. 9.330(a)(1) ("A motion for rehearing, clarification, certification, or issuance of a written opinion may be filed within 15 days of an order or decision of the court or within such other time set by the court.").

Lee then allowed another 118 days of the limitations period to run before filing his Rule 3.850 motion on November 2, 2021. As a result of the filing of his Rule 3.850 motion, the limitations period was statutorily tolled from November 2, 2021 (the date it was filed) until December 15, 2021 (the date the 30-day deadline for Lee to appeal the denial of his motion expired). *See* Fla. R. Crim. P. 3.850(k) (providing movants 30 days to timely appeal a final order denying postconviction relief); *see also Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383 (11th Cir.

2006) (Florida prisoner's Rule 3.850 proceeding remained "pending" for purposes of § 2244(d)(2), until the time to seek appellate review expired).

Lee then allowed another 5 days of the limitations period to run before filing his second state habeas petition on December 21, 2021. The First DCA summarily dismissed the petition, citing to *Baker, supra*. In *Baker*, the Florida Supreme Court held:

> [F]rom now on, we will dismiss as unauthorized, habeas corpus petitions filed by noncapital defendants that seek the kind of collateral postconviction relief available through a motion filed in the sentencing court, and which (1) would be untimely if considered as a motion for postconviction relief under rule 3.850, (2) raise claims that could have been raised at trial or, if properly preserved, on direct appeal of the judgment and sentence, or (3) would be considered a second or successive motion under rule 3.850 that either fails to allege new or different grounds for relief, or alleges new or different grounds for relief that were known or should have been known at the time the first motion was filed.

878 So. 2d at 1245-46.

The State maintains that Lee's second state habeas petition was "a nullity when filed, as it was not authorized" and, therefore, did not toll the federal habeas limitations period. Doc. 26 at 4. The Eleventh Circuit rejected this argument in *Thompson v. Sec'y, Dep't of Corr.*, 595 F.3d 1233 (11th Cir. 2010) (holding that petitioner's state habeas petition that was summarily dismissed by the First DCA with a citation to *Baker*, was "properly filed" under § 2244(d)(2) because it was filed in a court having jurisdiction over the petition). The Eleventh Circuit explained:

> If a habeas petition filed by a noncapital defendant asserts claims belonging in a Rule 3.850 motion, the Florida Supreme Court has instructed the court to dismiss the petition as "unauthorized," *not* for lack of jurisdiction. *Baker*, 878 So.2d at 1245-46. This distinction recognizes that Florida courts still retain jurisdiction over habeas corpus petitions, which remain available "as a means to correct manifest injustices." *Id*. at 1246 (Anstead, C.J., specially concurring); *see also Chandler v. Crosby*, 916 So.2d 728, 738 (Fla. 2005) (per curiam) (Anstead, J., specially concurring) ("Whatever our intent behind the adoption of rule 3.850(b)(2) or other procedural regulations, we have always made clear that any restriction on habeas relief . . . could never be absolute."). Thus, contrary to the State's suggestion, the fact that Thompson did not succeed in obtaining habeas relief on his claims (because the claims belonged in a Rule 3.850 motion) does not mean he filed his habeas petitions in the wrong court, or that his petitions were not "properly filed" under § 2244(d)(2). *See Artuz*, 531 U.S. at 11, 121 S. Ct. at 365 (concluding that applications which violate a state's procedural bar rules "will not be successful, but they have been properly delivered and accepted so long as the filing conditions have been met").

*Thompson*, 595 F.3d at 1238 (citing *Artuz v. Bennett*, 531 U.S. 4 (2000)).

Thus, as in *Thompson*, the fact that Lee did not succeed in obtaining habeas relief on the claims raised in his second state habeas petition does not mean that he filed that petition in the wrong state court, or that his petition was not "properly filed" under § 2244(d)(2). The First DCA had jurisdiction over Lee's second state habeas petition. *See* Fla. Stat. § 79.01 (vesting the state supreme court, district courts of appeal, and circuit courts with concurrent original jurisdiction to issue writs of habeas corpus).

Similarly, the fact that Lee's claims likely were procedurally barred as successive under Rule 3.850(h), does not mean that his state habeas petition was not "properly filed" under § 2244(d)(2). *See Artuz*, 531 U.S. at 9 ("[T]he question whether an application has been 'properly filed' is quite separate from the question whether the claims contained in the application are meritorious and free from procedural bar."); *Thompson*, 595 F.3d at 1236 (same); *Moore v. Sec'y, Fla. Dep't of Corr.*, 762 F. App'x 610, 619 (11th Cir. 2019) (same).[3]

As a result of Lee's filing of his second state habeas petition, the federal habeas limitations period was statutorily tolled from December 21, 2021 (the date it was filed) until April 21, 2022 (the date the 15-day deadline for Lee to move for rehearing expired).

Lee then allowed another 31 days of the limitations period to run before filing his federal habeas petition on May 23, 2022. Because a total of only 267 days of AEDPA's one-year limitations period had run, Lee's § 2254 petition is timely.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

---

[3] The State does not contend—nor could it—that Lee's second state habeas petition was filed outside of Florida's 2-year limitations period for seeking relief under Rule 3.850. *See* Fla. R. Crim. P. 3.850(b).

1. Respondent's motion to dismiss, Doc. 26, be **DENIED**.

2. This case be returned to the undersigned for further proceedings.

At Panama City, Florida, this 12th day of April, 2023.

                              /s/ *Michael J. Frank*
                              **Michael J. Frank**
                              **United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(B);** *see also* **28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**