UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

THEOPHILUS LEE,

    Petitioner,

v.                                          Case No. 1:22-cv-114-AW-MJF

RICKY D. DIXON,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner Theophilus Lee, proceeding *pro se*, has filed a second amended petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 13. Respondent ("the State") moves to dismiss the petition because all of Lee's claims are procedurally defaulted. Doc. 42. Lee's response deadline expired on December 27, 2023, and he did not respond. *See* Doc. 43. Lee's habeas petition should be denied because his claims are procedurally defaulted.

    I.    B<span style="font-variant:small-caps">ACKGROUND AND</span> P<span style="font-variant:small-caps">ROCEDURAL</span> H<span style="font-variant:small-caps">ISTORY</span>

In Alachua County Circuit Court Case No. 2016-CF-3352, Lee was convicted of Home Invasion Robbery with a Firearm or Other Deadly

Weapon. Doc. 42, Ex. 1 (J. & Sentence). The trial court sentenced Lee to imprisonment for life. The Florida First District Court of Appeal ("First DCA") affirmed the judgment on May 27, 2020, without written opinion. *Lee v. State*, No. 1D19-793, 295 So. 3d 1160 (Fla. 1st DCA 2020) (Table) (copy at Doc. 42, Ex. 2).

On February 17, 2021, Lee filed a *pro se* petition for writ of habeas corpus in the First DCA. Lee alleged ineffective assistance of appellate counsel. Doc. 26, Ex. 3. The First DCA denied the petition on the merits on June 21, 2021. *Lee v. State*, No. 1D21-619, 320 So. 3d 351 (Fla. 1st DCA 2021) (copy at Doc. 26, Ex. 4).

On October 21, 2021, Lee filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. Doc. 42, Ex. 8. The state circuit court denied the motion on November 15, 2021. Doc. 42, Ex. 9 (Docket Sheet); *see also* Doc. 13 at 5. Lee did not appeal. Doc. 42, Ex. 9; *see also* Doc. 13 at 7.

On December 19, 2021, Lee filed a second *pro se* habeas corpus petition in the First DCA, which he later amended and supplemented. Doc. 42, Ex. 3. The First DCA summarily dismissed the petition on April 6, 2022, citing *Baker v. State*, 878 So. 2d 1236 (Fla. 2004). *See Lee v. State*,

No. 1D21-3939, 336 So. 3d 434 (Fla. 1st DCA 2022) (Table) (copy at Doc. 42, Ex. 6).

Lee filed his original federal habeas petition on May 23, 2022. Doc. 1. Lee's second amended petition raises ten claims of trial error, including challenges to the jury's verdict, the charging document, the sentence enhancement, the court's jurisdiction, and the jury instructions. Doc. 13 at 13-43 in ECF. The State asserts that all of Lee's claims are procedurally defaulted. Doc. 42.

## II. DISCUSSION

### A. Federal Habeas Exhaustion Requirement and Procedural Default

"To respect our system of dual sovereignty, the availability of habeas relief is narrowly circumscribed." *Shinn v. Ramirez*, 596 U.S. 366, 375 (2022) (citations omitted). One such constraint is the exhaustion requirement and corollary principle of procedural default. *See* 28 U.S.C. § 2254(b); *Shinn*, 596 U.S. at 375-79.

Section 2254 "requires state prisoners to 'exhaust the remedies available in the courts of the State' before seeking federal habeas relief." *Shinn*, 596 U.S. at 377 (alteration adopted) (quoting 28 U.S.C. §

2254(b)(1)(A)). "[A] state prisoner satisfies this exhaustion requirement by raising his federal claim before the state courts in accordance with state procedures." *Shinn*, 596 U.S. at 378.

When a prisoner fails to raise his federal claim in compliance with state procedures, and the state court rejects the claim on an adequate state ground independent of the federal question such as a state-law procedural bar, the federal court must apply "an important corollary to the exhaustion requirement: the doctrine of procedural default." *Shinn*, 596 U.S. at 378 (internal quotation marks and citation omitted); *see also Coleman v. Thompson*, 501 U.S. 722, 734-35 & n.1 (1991) (federal habeas courts will consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts.").

## B.  Lee's Claims Are Procedurally Defaulted

Lee asserts that he exhausted his claims by presenting them to the First DCA in his second habeas petition, Case No. 1D21-3939. Doc. 13 at 6-17, 22-43 in ECF. As noted above, the First DCA disposed of the

petition, stating: "DISMISSED. *See Baker v. State*, 878 So. 2d 1236 (Fla. 2004)." Doc. 42, Ex. 6. In *Baker*, the Supreme Court of Florida held:

> [F]rom now on, we will dismiss as unauthorized, habeas corpus petitions filed by noncapital defendants that seek the kind of collateral postconviction relief available through a motion filed in the sentencing court, and which (1) would be untimely if considered as a motion for postconviction relief under rule 3.850, (2) raise claims that could have been raised at trial or, if properly preserved, on direct appeal of the judgment and sentence, or (3) would be considered a second or successive motion under rule 3.850 that either fails to allege new or different grounds for relief, or alleges new or different grounds for relief that were known or should have been known at the time the first motion was filed.

*Id.* at 1245-46.

In other words, the First DCA dismissed Lee's claims on the independent state procedural ground that they were raised in an unauthorized manner and procedurally barred. That state-law procedural ground is adequate to support the First DCA's judgment, because that procedural bar is firmly established and regularly followed by the Florida courts. See *Zuluaga v. State, Dep't of Corr.*, 32 So. 3d 674, 676-77 (Fla. 1st DCA 2010) ("Habeas corpus is not a vehicle for obtaining additional appeals of issues which were raised or should have been raised

on direct appeal, or which could have been, should have been, or were raised in post-conviction proceedings." (collecting cases)).

Lee's claims, therefore, are procedurally defaulted. *Coleman*, 501 U.S. at 734-35; *see also, e.g., Cargile v. Sec'y, Dep't of Corr.*, 349 F. App'x 505, 507-08 (11th Cir. 2009) (claims raised in state habeas petitions that were dismissed under *Baker* as unauthorized were procedurally defaulted from federal habeas review); *Medina v. Singletary*, 59 F.3d 1095, 1111 (11th Cir. 1995) (claim was procedurally defaulted from federal habeas review where petitioner raised it for the first time in a state habeas petition and the state court held it was procedurally barred because it was a direct appeal issue).

Lee did not respond to the State's procedural default defense, and he has not made any of the requisite showings to excuse his procedural default. Lee's procedural default bars federal habeas review of his claims.

### III. A CERTIFICATE OF APPEALABILITY IS NOT WARRANTED

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific

issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal still must be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. 100, 115 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529

U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

### IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Respondent's motion to dismiss, Doc. 42, be **GRANTED**.

2. The second amended petition for writ of habeas corpus, Doc. 13, challenging the judgment of conviction and sentence in *State of Florida v. Theophilus Devon Lee*, Alachua County Circuit Court Case No. 2016-CF-3352, be **DENIED**.

3. The District Court **DENY** a certificate of appealability.

4. The clerk be directed to close this case file.

At Panama City, Florida, this 31st day of January, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation.** <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> **A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**